**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rene Salvador ROMERO,**
**Defendant–Appellant.**

**No. 10–5010.**

United States Court of Appeals,
Fourth Circuit.

Argued: April 2, 2012.

Decided: April 24, 2012.

**ARGUED:** Robert Lynn McClellan, Ivey, McClellan, Gatton & Talcott, LLP, Greensboro, NC, for Appellant. Ripley Eagles Rand, Office of the United States Attorney, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Michael F. Joseph, Assistant United States Attorney, Office of the United States Attorney, Greensboro, NC, for Appellee.

Before SHEDD and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rene Salvador Romero, a native and citizen of El Salvador, was convicted of illegally reentering the United States. *See* 8 U.S.C. § 1326(a). He now appeals his 43–month sentence. We affirm.

In calculating Romero's advisory guideline range, the district court applied a 12–level enhancement to his base offense level under U.S.S.G. § 2L1.2(b)(1)(B). This section directs the court to add 12 levels to the base offense level if the defendant was deported, or unlawfully remained in the United States, "after a conviction for a felony drug trafficking offense." For purposes of § 2L1.2, a "felony" is "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n2. Romero contends that the enhancement is inapplicable to him because the predicate conviction—his 1999 Texas state-court conviction for delivery by constructive transfer of less than one gram of cocaine—is not a felony under § 2L1.2(b)(1)(B). We review this matter de novo. *United States v. Diaz–Ibarra*, 522 F.3d 343, 347 (4th Cir.2008).

The State of Texas classifies Romero's predicate conviction as a "state jail felony." *See* Tex. Health & Safety Code § 481.112(b). "State jail felonies were created ... to relieve the pressures of prison overcrowding in Texas," and the state jail felony law "constituted both a realistic response to prison overcrowding and an attempt to preserve the legislature's judgment that state jail felonies were indeed still felonies in substance." *United States v. Caicedo–Cuero*, 312 F.3d 697, 704–05 (5th Cir.2002). Categorized as "the lowest quantum of punishment of all Texas felo-

nies," *United States v. Calderon–Pena*, 383 F.3d 254, 261 n. 11 (5th Cir.2004) (en banc), state jail felonies are punishable by a sentence of imprisonment of between 180 days and two years, *see* Tex. Penal Code § 12.35(a).

However, two alternative statutory provisions permit a sentencing court to dispose of state jail felonies in a more lenient manner. First, a sentencing court may punish a state jail felony "by imposing the confinement permissible as punishment for a Class A misdemeanor if ... the court finds that such punishment would best serve the ends of justice." Tex. Penal Code § 12.44(a). Punishment for a Class A misdemeanor includes "confinement in jail for a term not to exceed one year." Tex. Penal Code § 12.21. Second, upon request of the prosecuting attorney, a sentencing court "may authorize the prosecuting attorney to prosecute a state jail felony as a Class A misdemeanor." Tex. Penal Code § 12.44(b). "Texas case law indicates that a crime remains a felony even if punished as a misdemeanor under § 12.44." *United States v. Rivera–Perez*, 322 F.3d 350, 352 (5th Cir.2003).

In Romero's case, the Texas court convicted him of a state jail felony but then exercised its discretion under § 12.44(a) and sentenced him as a Class A misdemeanant to 180 days imprisonment. Relying on this fact, Romero argues that his prior conviction is not a felony under § 2L1.2(b). We disagree. Regardless of the ultimate sentence he received, Romero was in fact convicted of a drug trafficking offense that was punishable by a term exceeding one year. That conviction therefore qualifies as a felony for purposes of § 2L1.2(b), and the district court did not err in applying the enhancement in calcu-

lating Romero's offense level. *See, e.g.,* *Rivera–Perez*, 322 F.3d at 352 (holding that a conviction for a Texas state jail felony that exposed the defendant to a sentence of more than one year is a "felony" for purposes of § 2L1.2(b) regardless of whether the defendant was sentenced under § 12.44); *United States v. Nava–Zamora*, 195 Fed.Appx. 801, 803 (10th Cir. 2006) (same).*

Based on the foregoing, we affirm Romero's sentence.

*AFFIRMED.*

---

* We have considered Romero's other arguments relating to his sentence and find them to be without merit.